ELECTRONICALLY FILED
2016 May 21 AM 11:28
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2016-LM-002177

In the District Court of Wyandotte County, Kansas
Limited Actions Division

PAMELA BOYD,
ADMINSTRATOR OF THE
ESTATE OF MELVA CRUCE,

vs.

PROBATE RECOVERY
SYSTEMS, LLC,

Defendant.

Case Number: 2016-LM-002177

Division: 36

## PETITION

COMES NOW Plaintiff Pamela Boyd, as the Administrator of the Estate of Melva Cruce, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is Kansas resident.

2. Defendant Probate Recovery Systems, LLC is a Florida Limited Liability Company.

3. At all times relevant hereto, Defendant Probate Recovery Systems, LLC was and is engaged in the business of collecting consumer debts in Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff, and as for Count I against Defendant Probate Recovery Systems, LLC, states and alleges as follows:

5.  Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7.  Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

8.  The principal purpose of Defendant Probate Recovery Systems, LLC is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9.  Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

10. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

11. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

12. Melva Cruce, decedent in this matter, died intestate on January 12, 2015.

13. Pamela Boyd – one of decedent's surviving children – was appointed Administrator of the Estate of Melva Cruce on November 9, 2015.

14. On December 15, 2015, Probate Recovery Systems, LLC, filed a Claim against this Estate to collect a medical debt owed to Menorah Medical Center.

15. The Kansas nonclaims statute acts as a complete bar to creditor's claims when such claims and demands are not timely filed. K.S.A. 59-2239; *Farms, Inc. v. Estate of Kleweno*, 2 Kan. App. 2d 506, 510 (1978).

3

16. Nothing in Menorah's Claim states that it had obtained a lien for its Claim *prior to* decedent's death, as is required by K.S.A. 59-2239.

17. As the date of death in this case was January 12, 2015, and the Claim was filed on December 15, 2015, the Claim was time-barred as a matter of law pursuant to K.S.A. 59-2239.

18. On December 16, 2015, the Johnson County, Kansas District Court ordered that Menorah's Claim be disallowed for untimeliness.

19. 15 U.S.C. §1692f, entitled unfair practices prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. A threat to sue a consumer on a claim that the debt collector knows is barred by the statute of limitations violates §1692e(2)(A) of the FDCPA. *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, No. 09-35767, 2011 U.S. App. LEXIS 4072 (9th Cir., March 4, 2011); *Huertas v. Galaxy Asset Management*, No. 10-2532, 2011 U.S. App. LEXIS 7397 (3rd Cir., April 11, 2011); *Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262 (D.Conn. 2005); *Ramirez v. Palisades Collection LLC*, 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008), earlier opinion, 250 F.R.D. 366 (N.D. Ill. 2008); *Parkis v. Arrow Fin. Servs.*, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan.8, 2008); *Schutz v. Arrow Fin. Servs., LLC,* 465 F. Supp.

2d 872 (N.D. Ill.2006); *Aronson v. Commercial Fin. Svcs., Inc.*, No. Civ. A. 96-2113, 1997 U.S. Dist. LEXIS 23534, 1997 WL 1038818, at *2 (W.D. Pa. Dec.22, 1997).

21. Likewise, Defendant's attempt to assert the time barred claim is akin to a threat to sue a consumer on a claim that the debt collector knows is barred by the statute of limitations violates §1692e(2)(A) of the FDCPA

22. The above-described acts are misleading to the least sophisticated consumer

23. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/A.J. Stecklein
A.J. Stecklein # 16330
Brian Johnson #26934
Michael Rapp #25702
Stecklein & Rapp, Chtd.
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email:
aj@kcconsumerlawyer.com
bj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
Attorneys for Plaintiff